■ THERESA PACE, Respondent, v UNITY HOUSE OF THE ROMAN CATHOLIC DIOCESE OF ALBANY et al., Appellants.—Mercure, J. Appeal from an order of the Supreme Court (Travers, J.), entered August 9, 1989 in Rensselaer County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff received in-patient psychiatric treatment at defendant Samaritan Hospital (hereinafter Samaritan) in the City of Troy, Rensselaer County, from March 30, 1984 through

May 21, 1984. As a result of a referral from Samaritan, on July 6, 1984 plaintiff took up residence at Agalom Supervised Apartments (hereinafter Agalom), a facility owned by U. H. Charities, Inc. (sued herein as defendant Unity House of the Roman Catholic Diocese of Albany) of defendant Roman Catholic Diocese of Albany (hereinafter collectively referred to as Unity House), which provided supervised living for mental health clients in apartment units. During the early morning hours of September 14, 1984, plaintiff was assaulted and raped in the bedroom of her apartment at Agalom. She commenced this action to recover for physical and psychic injuries suffered as a result, alleging a breach of Unity House's duty to adequately protect residents at Agalom and that, in placing plaintiff at Agalom, Samaritan breached a duty to determine that the facility was a "safe, secure and proper environment". Following joinder of issue, Samaritan and Unity House each moved for summary judgment dismissing the complaint. Supreme Court denied both motions and defendants appeal.

In support of its motion, Samaritan presented the affidavit of Jose Alarcon, a psychiatrist and clinical director of its Mental Health Unit, in which he stated that Agalom was neither owned, operated nor managed by Samaritan; that at the time specified in the complaint, the Unity House facilities, including Agalom, were the only supervised apartments situated in Troy; that Agalom was the subject of an operating certificate, inspection, jurisdiction and oversight of the State Office of Mental Health (see, Mental Hygiene Law § 31.02 [a] [1]; 14 NYCRR part 586); that Samaritan had no right to inspect or otherwise oversee the operation of Agalom; and that Unity House programs, including Agalom, were and still are the primary residential placements available to Samaritan for its patients with mental disabilities. Other than an indication in an attorney's affidavit that a simple "walk-through" of the Agalom facility by Samaritan employees would have disclosed the inadequate security, which we find to be of no probative value (see, Zuckerman v City of New York, 49 NY2d 557, 563; Forray v New York Hosp., 101 AD2d 740, 741), plaintiff failed to address the issues raised on Samaritan's motion. Accordingly, Supreme Court should have granted Samaritan's motion for summary judgment dismissing the complaint against it.

"[V]icarious liability for medical malpractice generally turns on agency or control in fact" (Kavanaugh v Nussbaum, 71 NY2d 535, 547; see, Hill v St. Clare's Hosp., 67 NY2d 72, 79; Graddy v New York Med. Coll., 19 AD2d 426, 429-430).

Here, there is no evidence of any legal or actual authority or control by Samaritan over Agalom or Unity House *(see, Kavanaugh v Nussbaum, supra,* at 548). Rather, the evidence is to the contrary. As a matter of policy, so as to insure the availability of medical services *(see, supra),* the courts have refused to enlarge the doctrine of vicarious liability to encompass a mere referral from one medical care provider to another *(see, supra,* at 548-549; *Datiz v Shoob,* 71 NY2d 867, 868). Accordingly, a hospital which refers a patient to another medical facility may not be held liable for injuries sustained by the patient at such facility unless it had notice of an unreasonable risk that such injury would occur *(see, Fiorentino v Wenger,* 19 NY2d 407, 414-415). Here, there is no evidence that Samaritan was aware of any deficiencies in the security measures employed at Agalom and, contrary to plaintiff's assertion, Samaritan had no affirmative duty to make an actual inspection.

We agree, however, with Supreme Court's denial of summary judgment dismissing the complaint against Unity House. Although Unity House met its initial burden of coming forward with prima facie evidence of freedom from negligence, plaintiff opposed the motion with her affidavit and that of Shelly Nortz, a mental health counselor employed by Unity House at the time of the occurrence. These were sufficient to raise factual issues as to whether Unity House provided plaintiff with a reasonably safe and secure residence and knew or should have known that locking devices in place on the date of the incident were inadequate.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant Samaritan Hospital's motion for summary judgment; motion granted and complaint dismissed against said defendant; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.