■ FRANCIS LEVINE et al., Respondents, v FIFTH HOUSING COMPANY, INC., Sued Herein as ELECTCHESTER FIFTH HOUSING

CORPORATION, Appellant, et al., Defendants. (And Other Actions.) [662 NYS2d 95] —In an action to recover damages for personal injuries, etc., the defendant Fifth Housing Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated September 30, 1996, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On the night of September 26, 1991, the plaintiffs Francis Levine and Minnie Popkin were returning to their homes in the Electchester housing development in Flushing, Queens. When the two women reached the vestibule of their apartment building at about 11:30 P.M., Minnie Popkin attempted to open the locked door leading into the lobby, but her key became stuck in the lock and would not turn. While Minnie Popkin was attempting to open the door, an unidentified assailant ran into the vestibule, and robbed and assaulted the two women. The plaintiffs subsequently commenced this action, *inter alia,* against their landlord, the appellant Fifth Housing Company, Inc., alleging that its negligent maintenance of the lock had caused the plaintiffs Francis Levine and Minnie Popkin to become trapped in the vestibule, thus allowing the unknown intruder to assault them.

The appellant contends that the Supreme Court erred in denying its motion for summary judgment because its alleged negligence in maintaining the lock on the lobby door was not a proximate cause of the injuries to the plaintiffs Francis Levine and Minnie Popkin, and was not a foreseeable consequence of its negligence. We agree. Although the plaintiffs claim that the appellant had notice that the lock on the lobby door frequently jammed and was difficult to open, the assault was an unforeseeable act breaking the chain of causation between the appellant's negligence and the injuries to the plaintiffs Francis Levine and Minnie Popkin (*see, Santiago v New York City Hous. Auth.,* 101 AD2d 735, *affd* 63 NY2d 761; *Suarez v Longwood Assocs.,* 239 AD2d 250). While a landlord has a duty to minimize danger from criminal acts where it is aware, from past experience, that there is a likelihood of conduct on the part of third persons which is likely to endanger the safety of tenants or visitors (*see, Jacqueline S. v City of New York,* 81 NY2d 288,

294; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519), here the plaintiffs' assertion that their landlord had notice of the "ambient criminal threat present in Flushing, New York" was patently insufficient to raise a triable issue of fact as to whether the assault was foreseeable (*Mendez v 441 Ocean Ave. Assocs.,* 234 AD2d 524; *Rozhik v 1600 Ocean Parkway Assocs.,* 208 AD2d 913; *Grignoli v New York City Hous. Auth.,* 196 AD2d 525). Miller, J. P., Copertino, Pizzuto and Joy, JJ., concur.