OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs. The certified question should be answered in the affirmative, but on the narrower grounds stated in the memorandum.
 

 Plaintiff resided in a Queens apartment building that was part of a larger complex known as Lefrak City. Defendant U.E.S.S. Leasing Corporation and Builders and Realtors Corporation, Inc. owned the complex, and defendant Mid-City Security Service, Inc. provided security for the premises. On July 11, 1992, shortly after 7:00 a.m., plaintiff was awakened by a phone call from her live-in boyfriend who told her that he would be upstairs in five minutes. Shortly thereafter, the apartment doorbell rang and plaintiff, thinking it was her boyfriend, opened the door without first looking through the peephole or asking who it was. Third-party defendant Lawrence Toole forced his way in and dragged plaintiff to the bedroom where he beat, raped and sodomized her at knifepoint.
 

 Plaintiff, in her first cause of action, alleges that defendants negligently allowed Toole to enter the building so as to gain access to her apartment. The second cause of action charges that defendant Mid-City negligently performed its security contract, and the third cause of action asserts that defendants violated Real Property Law § 235-b and breached the implied warranty of habitability by failing to properly staff the security desk or secure the complex.
 

 Supreme Court granted defendants’ motions for summary judgment and dismissed the complaint. The court reasoned that plaintiffs deposition testimony established that defendants had taken minimal security precautions and that plaintiff failed to show that defendants’ negligence was a proximate cause of her injuries. A divided Appellate Division reversed, concluding that a question of fact existed as to whether defendants negligently permitted Toole, a nonresident and known troublemaker, to enter the building. The Appellate Division majority further concluded that there was an issue of fact as to whether plaintiffs act of opening the door without first looking through the peephole was an independent intervening act. The two dissenting Justices concluded that plaintiffs conduct was a superseding cause that severed the chain of causation. The Appellate Division certified to this Court the
 
 *878
 
 question of whether it properly reversed Supreme Court’s order. We conclude that it did.
 

 Landlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including foreseeable criminal conduct by a third person
 
 (see, Jacqueline S. v City of New York,
 
 81 NY2d 288, 293-294;
 
 Burgos v Aqueduct Realty Corp.,
 
 92 NY2d 544, 548). A landlord has a duty to minimize the foreseeable danger from criminal acts when past experience alerts it to the likelihood of criminal conduct on the part of third persons. “Whether knowledge of criminal activities occurring at various points within a unified housing complex * * * can be sufficient to make injury to a person in one of the buildings foreseeable, must depend on the location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question”
 
 (Jacqueline S. v City of New York, supra,
 
 81 NY2d, at 295).
 

 On a motion for summary judgment, a plaintiff need only raise a triable issue of fact regarding whether defendant’s conduct proximately caused plaintiffs injuries. Here, questions of fact remain as to whether defendants negligently failed to exclude Toole. The record reveals that Toole, who had relatives residing in the complex, had been involved in several criminal acts in the complex, including robbery, attempted rape and the beating of a security guard; that he had been arrested on the premises; and that defendants kept an arrest photo of him. We cannot conclude as a matter of law that Toole’s involvement in criminal activity on the premises was not a significant foreseeable possibility. More discovery is warranted to discern how foreseeable a risk he was and what measures defendants had in place to deal with him.
 

 Finally, we agree with the Appellate Division majority that, on the facts of this case, plaintiffs opening of her apartment door without looking through the peephole or inquiring who was there was not an independent intervening act that, as a matter of law, absolved defendants of responsibility.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 Order affirmed, etc.