CYNTHIA JOHNSON et al., Respondents, v CITY OF NEW YORK et al., Appellants. [777 NYS2d 135]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Mason, J.), entered January 28, 2003, which, upon a jury verdict in favor of the plaintiffs and against them, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, and upon the granting of their motion pursuant to CPLR 4404 to set aside the verdict only to the extent of reducing the award of damages to the plaintiff Cynthia Johnson from the sum of $5,151,000 to the sum of $1,151,000, is in favor of the plaintiffs and against them in the principal sum of $1,852,000.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability is granted, and the complaint is dismissed.

In 1995, the plaintiff Cynthia Johnson was raped in her apartment in a building owned and managed by the defendants. The perpetrator was never identified. The plaintiffs commenced this action in which they claimed, inter alia, that the defendants failed to provide adequate security in the building. At the trial, the plaintiffs presented evidence that the perpetrator gained entry into their apartment by climbing through a broken skylight on the roof, down a shaftway pipe and into a bathroom window, which had a broken lock. The jury found the defendants negligent and awarded the plaintiffs damages.

The defendants were under a duty to take minimal precautions to protect their tenants from foreseeable harm, including the harm caused by a third party's foreseeable criminal conduct on the premises (see Mason v U.E.S.S. Leasing Corp., 96 NY2d 875, 878 [2001]; Burgos v Aqueduct Realty Corp., 92 NY2d 544, 548 [1998]; Jacqueline S. v City of New York, 81 NY2d 288, 293-294 [1993]; Nallan v Helmsley-Spear, Inc., 50 NY2d 507 [1980]). In order to establish the element of foreseeability, the plaintiffs

were required to present proof that the criminal conduct at issue was "reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (*Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 153 [1999]; *see Jacqueline S. v City of New York, supra* at 295).

The plaintiffs presented crime statistics for the years 1993 and 1994, which included rapes and other violent crimes, for the entire 83rd Precinct of the New York City Police Department, in which the subject building was located. The plaintiffs failed to present admissible evidence of any reported crimes that occurred in the subject building or in any identifiable buildings or streets in the vicinity of the subject building.

The plaintiff Cynthia Johnson testified that in the four years she lived in the subject building, she was aware of only one crime that occurred on the premises, a domestic dispute between tenants during which a gun was discharged. In addition, she testified that there sometimes were individuals ["kids"] on the roof. The defendants' employee who was responsible for managing the building for several years prior to the attack on Cynthia Johnson testified that he was not aware of any previous robberies, burglaries, or assaults committed by intruders in the building.

Under the circumstances, the plaintiffs failed to meet their burden of establishing that prior similar criminal activity made the crime at bar reasonably predictable. "[T]he courts have repeatedly held that ambient neighborhood crime alone is insufficient to establish foreseeability" (*Novikova v Greenbriar Owners Corp., supra* at 153; *see Levine v Fifth Hous. Co.*, 242 AD2d 564 [1997]; *Mendez v 441 Ocean Ave. Assoc.*, 234 AD2d 524 [1996]; *Rozhik v 1600 Ocean Parkway Assoc.*, 208 AD2d 913 [1994]). Therefore, the Supreme Court should have granted the defendants' motion for judgment as a matter of law on the issue of liability based on the plaintiffs' failure to prove a prima facie case.

In view of our determination, we need not reach the parties' remaining contentions. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.