Six Anonymous Plaintiffs, Appellants, v Charles A. Gehres, Also Known as Charlie Garrison, et al., Defendants, and Timothy Sullivan et al., Respondents. [890 NYS2d 675]—

Malone Jr., J.

Defendants Timothy Sullivan and Teresa Sullivan owned a house in the City of Ithaca, Tompkins County, which they rented to plaintiffs.[1] The Sullivans frequently hired defendant Charles A. Gehres to make necessary repairs to the house. On one such repair project, Gehres enlisted the aid of his cousin, defendant Christopher Stein. Several weeks after completing the project, Stein returned to the house and sexually assaulted and kidnapped one of the plaintiffs.

Plaintiffs thereafter commenced this action alleging, among other things, that they sustained injuries as a result of negligence on the part of the Sullivans and Gehres.[2] Plaintiffs then moved for summary judgment on the issue of defendants' liability and the Sullivans cross-moved for summary judgment dismissing the causes of action against them, as well as all cross claims.[3] Supreme Court denied plaintiffs' motion, granted the Sullivans' cross motion and, apparently, dismissed the complaint in its entirety. Plaintiffs now appeal.

The Sullivans satisfied their threshold burden of establishing that they took "minimal precautions to protect [plaintiffs] from foreseeable harm, including foreseeable criminal conduct by a third person" (*Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]). Accordingly, to establish that the criminal conduct was foreseeable, plaintiffs were required to submit evidence that the conduct was " 'reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location' " (*Johnson v City of New York*, 7 AD3d 577, 578 [2004], *lv denied* 4 NY3d 702 [2004], quoting *Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 153 [1999]). Here, plaintiffs did not demonstrate that the incident in question was foreseeable inasmuch as there is no evidence in the record of similar crimes reported at the property or at properties in the immediate vicinity. Although plaintiffs made reference to criminal trespasses that occurred in the area, they did not establish that the activity was more than " 'ambient neighborhood crime' " (*Johnson v City of New York*, 7 AD3d at 578, quoting *Novikova v Greenbriar Owners Corp.*, 258 AD2d at 153).

---

1. Plaintiffs' names will be kept confidential pursuant to Civil Rights Law §§ 50-b and 50-c.

2. Plaintiffs successfully moved for a default judgment with respect to the issue of Stein's liability.

3. Gehres submitted a letter to Supreme Court in which he stated that he joined in and supported the Sullivans' cross motion. However, it is noted that the cross motion sought summary judgment dismissing only those claims asserted against the Sullivans.

We are not persuaded by plaintiffs' remaining contentions, including their claims that they were entitled to judgment as a matter of law on their causes of action alleging that the Sullivans negligently hired and supervised Gehres, and that Gehres negligently hired and supervised Stein.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order and judgment is affirmed, with costs.