■ Imtiaz A. Ishmail et al., Respondents, v ATM Three, LLC, Appellants, et al., Defendants. [909 NYS2d 540]—

In an action to recover damages for wrongful death and personal injuries, etc., the defendants ATM Three, LLC, and Arthur T. Mott Real Estate, LLC, appeal from an order of the Supreme Court, Nassau County (Martin, J.), dated August 6, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted.

The defendant ATM Three, LLC (hereinafter ATM), owns an apartment building at 45 Broadway in Freeport, which was constructed in 1962. The defendant Arthur Mott Real Estate, LLC (hereinafter AMRE), maintained the premises. Apartment

1Z of the building was occupied by Totaram Mangroo, the building's superintendent. He lived there with his two sisters, the plaintiffs Holika Mangroo and Salima Ishmail, his brother-in-law, the plaintiff Imtiaz A. Ishmail, Salima's and Imtiaz's children, Afzal, Asif, and Afsaana, and his mother, the plaintiff Basmattie Mangroo. Holika Mangroo began dating the defendant Balgram Singh in 2000. They were engaged to be married, but Holika broke off the engagement, and Singh thereafter began stalking her. He harassed her at work and at home, threatened her with a gun, and set Salima's car on fire. In the early morning hours of July 5, 2004, Singh ignited an accelerant at the front door of the subject apartment, a crime for which he is now imprisoned. The occupants of the apartment could not escape through the front door until the fire department arrived, and could not escape through the bedroom windows, which were guarded by security bars. All of the residents suffered at least minor injuries as a result of the fire. Salima Ishmail died of smoke inhalation.

The plaintiffs commenced this action, alleging that ATM and AMRE (hereinafter together the appellants) were negligent in providing security at the apartment building, and that they were negligent in allowing the security bars to exist on the bedroom windows. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them, submitting in support of their motion, among other things, the affidavit of the building inspector who had inspected the subject building at least 10 times, and the affidavit of a former firefighter who had performed more than 2,500 building inspections. Both stated that the security bars on the windows were compliant with all relevant building codes. In the order appealed from, the Supreme Court denied the appellants' motion for summary judgment. We reverse.

The Supreme Court erred in denying that branch of the appellants' motion which was for summary judgment dismissing the cause of action alleging negligent security insofar as asserted against them. A landowner and its managing agent have a duty to take minimal precautions to protect their tenants from foreseeable harm, including the harm caused by a third party's foreseeable criminal conduct on the premises (*see Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507 [1980]; *see also Johnson v City of New York*, 7 AD3d 577 [2004]). In order to establish foreseeability, plaintiffs are required to present proof that the criminal conduct at issue was "reasonably predictable based on

the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (*Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 153 [1999]). " 'Without evidentiary proof of notice of prior criminal activity, the owner's duty reasonably to protect those using the premises from such activity never arises' " (*Beato v Cosmopolitan Assoc., LLC*, 69 AD3d 774, 776 [2010], quoting *Williams v Citibank*, 247 AD2d 49, 51 [1998]).

The appellants established their prima facie entitlement to judgment as a matter of law, and the plaintiffs failed to raise a triable issue of fact. There was no evidence to establish that the appellants had notice of Singh's prior criminal activity. A determination that the appellants had notice of Singh's prior criminal activity would be based solely on speculation and would be contrary to evidence in the record establishing that they had no such notice (*see Cynthia B. v 3156 Hull Ave. Equities, Inc.*, 38 AD3d 360 [2007]; *Harris v New York City Hous. Auth.*, 211 AD2d 616, 616-617 [1995]; *Tarter v Schildkraut*, 151 AD2d 414, 414-415 [1989]).

The Supreme Court also erred in denying that branch of the motion which was for summary judgment dismissing the cause of action alleging that the presence of the security bars on the windows constituted a defect in the apartment. A landowner must act reasonably in maintaining its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (*see Basso v Miller*, 40 NY2d 233, 241 [1976]; *Peralta v Henriquez*, 100 NY2d 139, 144 [2003]). The scope of the duty varies with the foreseeability of the potential harm (*see Tagle v Jakob*, 97 NY2d 165, 168 [2001]). The appellants demonstrated, prima facie, that, under the facts of this case, they had no duty to remove the window guards to allow a secondary method of egress (*see Khan v Bangla Motor & Body Shop, Inc.*, 27 AD3d 526, 527-528 [2006]; *White v Jeffco W. Props.*, 304 AD2d 824, 824-825 [2003]; *Thompson v New York City Hous. Auth.*, 212 AD2d 775, 776 [1995]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In view of the foregoing, we do not address the parties' remaining contentions. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.