■ SHANNON MARIE INGER, Individually and as Administrator of the Estate of SHARON M. INGER, Deceased, Respondent, v

PCK Development Company, LLC, Also Known as Hudson Valley Mall, Appellant. [948 NYS2d 443]—

Spain, J.

Tragically, just after midnight on June 4, 2006, decedent was stabbed to death by one of her coworkers while finishing her shift as night manager at a Ground Round Restaurant located in leased space in defendant's mall. Plaintiff—decedent's daughter and administrator of her estate—commenced this action against defendant alleging that its negligence in failing to safely maintain the mall premises and assure the absence of dangerous conditions thereon was the proximate cause of decedent's injuries. Defendant unsuccessfully moved for summary judgment dismissing the complaint, and now appeals.

Initially, we agree with defendant that it had no duty to police or supervise activity within the restaurant itself. "It is well settled that an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable to employees of a lessee for personal injuries caused by an unsafe condition existing on the premises" (*De Brino v Benequista & Benequista Realty*, 175 AD2d 446, 447 [1991] [citations omitted]; *see Davison v Wiggand*, 259 AD2d 799, 800-801 [1999], *lv denied* 94 NY2d 751 [1999]). Hence, unless a landlord retains control over leased premises, it owes no duty to third-party occupants for injuries they sustain as victims of criminal activity occurring on the premises (*see Lockwood v Layton*, 79 AD3d 1342, 1343 [2010]). Here, it is undisputed that defendant did not have any control over the interior of the restaurant. Indeed, defendant's security personnel did not have keys to access the restaurant after hours and plaintiff does not affirmatively argue that defendant had a duty to inspect or patrol the restaurant interior. Accordingly, defendant owed no duty to protect decedent from third parties, such as the coworker who attacked decedent, once present within the restaurant behind locked doors after hours (*see Davison v Wiggand*, 259 AD2d at 801; *Winter v Jimmy's Lakeside Inn*, 200 AD2d 826, 827 [1994]).

Defendant did retain a duty under its lease with the restaurant to maintain the mall and its exterior for the safety of de-

fendant's patrons, employees and tenants, and defendant's security personnel were charged with securing all areas surrounding tenant spaces, including exterior walkways and parking lots. Plaintiff argues that defendant breached this duty by not providing cameras at the restaurant's entrances.* Defendant's duty in this regard, however, was only to take reasonable steps to prevent foreseeable harm (see *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]), which requires evidence that the attack on decedent was reasonably predictable based on prior occurrences of the same or similar criminal activity at the mall (see *Six Anonymous Plaintiffs v Gehres*, 68 AD3d 1177, 1178 [2009], *lv denied* 14 NY3d 710 [2010]).

Here, defendant met its threshold burden of establishing that it took at least " 'minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998], quoting *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]; *see Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 153 [1999]). A mall security officer patrolled the premises after hours and saw nothing to alarm her on the night of decedent's attack. The affidavit of defendant's then-security director established that decedent's tragic death was not predictable or expected given that no similar assault had occurred in any of the tenant spaces leased at the mall, and that, apart from one shooting a year earlier in 2005, the criminal activity on the mall premises consisted of much less serious offenses, such as shoplifting, disorderly conduct and fist fights. Plaintiff relies heavily on the 2005 shooting, where an assailant carrying a semi-automatic assault rifle entered the mall through another leased tenant space in broad daylight on a Saturday afternoon and indiscriminately opened fire on people within the store and then in the common area of the mall. We find it unreasonable to suggest that this event was sufficient to put defendant on notice of a risk of an attack such as the one perpetrated against decedent. We hold, instead, that defendant did not owe a duty to decedent, as a matter of law, to protect her from her assailant under the circumstances presented by this case (see *Six Anonymous Plaintiffs v Gehres*, 68 AD3d at 1178; *Winter v Jimmy's Lakeside Inn*, 200 AD2d at 827; *see also Jean v Wright*, 82 AD3d 1163, 1164 [2011], *lv denied* 17 NY3d 704 [2011]; *Johnson v*

---

* We are unpersuaded that any breach of defendant's duty to monitor or police the mall's entrances is a proximate cause of decedent's death, given that the perpetrator did not enter through the mall and there is no evidence in the record of any forced entry. Instead, he apparently was admitted by decedent.

*City of New York*, 7 AD3d 577, 578 [2004], *lv denied* 4 NY3d 702 [2004]; *Reidy v Burger King Corp.*, 250 AD2d 747, 748 [1998]; *compare Jacqueline S. v City of New York*, 81 NY2d at 295).

Rose, J.P., Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.