Stein, J.
Appeals from an order of the Supreme Court (Ceresia Jr., J.), entered December 29, 2011 in Ulster County, which granted certain defendants’ motions for summary judgment dismissing the complaints against them.
In February 2005, defendant Robert Bonelli Jr. entered defendant Hudson Valley Mall carrying a semiautomatic assault rifle and fired off approximately 60 rounds of ammunition. Plaintiff Thomas Haire suffered a gunshot wound to the leg and plaintiff Stephen Silk was injured when he was struck by shrapnel.[1] Plaintiffs then commenced these two actions against the Mall and numerous individuals and entities associated with the Mall (hereinafter collectively referred to as defendants), as well as Bonelli.[2] Plaintiffs asserted, as relevant here, a cause of action sounding in negligence based upon defendants’ failure to provide adequate security at the Mall. Defendants moved for summary judgment dismissing the complaints against them claiming, among other things, that Bonelli’s actions were not foreseeable and, therefore, they owed no duty to plaintiffs to provide security measures to prevent such actions. Supreme Court granted the motions and dismissed both complaints against defendants. These appeals by plaintiffs ensued.
We affirm. Landowners have a duty to take reasonable precau *1205 tions to secure their premises from foreseeable harm, including the foreseeable criminal acts of third parties on the premises (see Mason v U.E.S.S. Leasing Corp., 96 NY2d 875, 878 [2001]; DeCrescente v Catholic Charities of the Diocese of Albany, 89 AD3d 1272, 1273 [2011], lv dismissed and denied 18 NY3d 943 [2012]; Six Anonymous Plaintiffs v Gehres, 68 AD3d 1177, 1178 [2009], lv denied 14 NY3d 710 [2010]; Jenkins v Ehmer, 272 AD2d 976, 976-977 [2000]). Criminal conduct is foreseeable if it was “reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location” (Six Anonymous Plaintiffs v Gehres, 68 AD3d at 1178 [internal quotation marks and citation omitted]; see Mason v U.E.S.S. Leasing Corp., 96 NY2d at 878; Inger v PCK Dev. Co., LLC, 97 AD3d 895, 897 [2012], lv denied 19 NY3d 816 [2012]; Ishmail v ATM Three, LLC, 77 AD3d 790, 791-792 [2010], lv denied 16 NY3d 713 [2011]; Johnson v City of New York, 7 AD3d 577, 578 [2004], lv denied 4 NY3d 702 [2004]). While the prior criminal activity need not have been “at the exact location where [the] plaintiff was harmed or . . . of the same type of criminal conduct to which [the] plaintiff was subjected,” the inquiry of foreseeability depends upon “the location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question” (Jacqueline S. v City of New York, 81 NY2d 288, 294-295 [1993]). However, “even where there is an extensive history of criminal conduct on the premises, the [landowner] cannot be held to a duty to take protective measures unless it is shown that he [or she] either knows or has reason to know from past experience ‘that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor’ ” (Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519 [1980], quoting Restatement [Second] of Torts § 344, Comment f). Although foreseeability is generally a question for resolution by the factfinder, it can be determined “as a matter of law where the relevant facts are undisputed and only one inference may be drawn” therefrom (Elwood v Alpha Sigma Phi, Iota Ch. of Alpha Sigma Phi Fraternity, Inc., 62 AD3d 1074, 1076 [2009], lv denied 13 NY3d 711 [2009]; see Ruiz v Griffin, 71 AD3d 1112, 1115 [2010]).
Here, defendants satisfied their threshold burden of establishing that Bonelli’s criminal conduct was not reasonably foreseeable. In support of their motions, defendants proffered, among other things, the testimony of defendant Robert G. Harrington, the director of corporate security for defendant Pyramid Management Group, and defendant Daniel A. Theisen, the Mall’s security director. Such testimony and other evidence *1206 established that criminal activity at the Mall prior to this shooting had consisted of much less serious offenses — primarily larceny offenses, disorderly conduct, trespass, robbery and motor vehicle incidents — and none had involved the discharge of a firearm. Physical altercations at the Mall occurred at an average of fewer than six incidents per year and were typically between teens or involved domestic disputes (see Inger v PCK Dev. Co., LLC, 97 AD3d at 897). Nothing in the Mall’s history of criminal activity would have rendered Bonelli’s conduct reasonably predictable (see Ishmail v ATM Three, LLC, 77 AD3d at 791-792). Further, Bonelli related to the police that he had chosen the Mall as the place where he would discharge his weapon for no particular reason and that his plan was “spun in a matter of minutes.” Based on this evidence, defendants made a prima facie showing that Bonelli’s criminal conduct was not foreseeable, shifting the burden to plaintiffs to raise triable issues of fact (see Inger v PCK Dev. Co., LLC, 97 AD3d at 897; DeCrescente v Catholic Charities of the Diocese of Albany, 89 AD3d at 1274).
In opposition to the motion, Silk argued that the shooting was foreseeable because of the Mali’s history of criminal and police activity, generally, as well as the fact that Bonelli was present in the Mali’s parking lot — and allegedly parked in a loading zone — for a period of time before he began shooting. However, in our view, no connection was shown between the type of previous criminality at the Mall and Bonelli’s random shooting spree, and no reasonable inference can be drawn that would establish a sufficient similarity to prior incidents so as to render Bonelli’s conduct foreseeable (see Six Anonymous Plaintiffs v Gehres, 68 AD3d at 1178; compare Ward v Pyramid Co. of Onondaga, 11 AD3d 1012, 1013-1014 [2004]).
We also reject Haire’s argument that the foreseeability of Bonelli’s conduct was established by the testimony of defendants’ security personnel that they were aware of mall shootings nationwide and acknowledged that a random mall shooting was a possibility at this Mall. When viewed in its proper context, this testimony demonstrated nothing more than a general awareness of incidents of mall shootings in other locations throughout the country and an acknowledgment that such a random event could, conceivably, happen anywhere. Contrary to Haire’s contention, it does not, in our view, equate to an admission by defendants that such an event was reasonably foreseeable, as such term has been defined by the Court of Appeals (see generally Nallan v Helmsley-Spear, Inc., 50 NY2d at 519).
We are similarly unpersuaded that a prior shooting in a shop *1207 ping mall operated by defendant Pyramid Companies in another county rendered Bonelli’s conduct foreseeable. Supreme Court properly determined that the location of that shopping facility was not in sufficient proximity to the location of the incident here and that the nature and extent of the shootings in question were not sufficiently similar to put defendants on notice that a shooting was reasonably foreseeable at this Mall, particularly given the absence of any prior criminal activity of this nature there.
“Without evidentiary proof of notice of prior criminal activity, [defendants’] duty reasonably to protect those using the premises from such activity never [arose]” (Ishmail v ATM Three, LLC, 77 AD3d at 792 [internal quotation marks and citations omitted]). Thus, inasmuch as Bonelli’s criminal conduct on the premises was not reasonably foreseeable (see Inger v PCK Dev. Co., LLC, 97 AD3d at 897), we need not address the question of whether defendants’ security measures were adequate or whether the absence of additional security measures was a proximate cause of plaintiffs’ injuries. Accordingly, we agree with Supreme Court’s conclusion that defendants were entitled to summary judgment dismissing the complaints.
We have examined defendants’ remaining contentions and, to the extent they have not been rendered academic by our decision, find them to be lacking in merit.

. Silk’s daughter was with him at the time of the shooting and, while not physically injured, sued for emotional injuries; his wife commenced a derivative claim.

. Bonelli has apparently defaulted and is not a subject of the order on appeal. For his actions, Bonelli was arrested, charged and subsequently convicted of, among other things, two counts of assault in the first degree. This Court affirmed his conviction (People v Bonelli, 41 AD3d 972 [2007], lv denied 9 NY3d 921 [2007]).