*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016                    521368
_____

DEBORAH BYNUM, Individually
    and as Guardian of the
    Person and Property of
    HEATHER BYNUM,
                        Respondent,          MEMORANDUM AND ORDER

        v

BRETT KEBER et al.,
                        Appellants.
_____

Calendar Date:  November 19, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

                    _____


        Roemer Wallens Gold & Mineaux, LLP, Albany (Matthew J.
Kelly of counsel), for appellants.

        LaFave, Wein & Frament, PLLC, Guilderland (Jason A. Frament
of counsel), for respondent.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Versaci, J.),
entered January 26, 2015 in Schenectady County, which, among
other things, partially denied defendants' motion to dismiss the
complaint.

        Plaintiff's daughter, Heather Bynum, attended a music
festival where she ingested a harmful substance and sustained
significant injuries.  Plaintiff then commenced this action in
her individual capacity and on behalf of Bynum, asserting causes
of action alleging, among other things, negligence and fraud

against defendants, the promoters of the festival.[1]  Defendants filed a pre-answer motion to dismiss the complaint against defendants Brett Keber and Jonathan Fordin as improper parties, and against all defendants for failure to state a cause of action.  As relevant here, Supreme Court denied the motion, and defendants now appeal.

Defendants contend that plaintiff's first two causes of action sounding in negligence fail to sufficiently allege that defendants owed a duty of care to Bynum.  We cannot agree.  In this procedural context, we "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; accord Slezak v Stewart's Shops Corp., 133 AD3d 1179, 1179 [2015]).  "'Whether the plaintiff will ultimately be successful in establishing those allegations is not part of the calculus'" (Snyder v Brown Chiari, LLP, 116 AD3d 1116, 1117 [2014], quoting Landon v Kroll Lab. Specialists, Inc., 22 NY3d 1, 6 [2013]).

Mass gathering permittees, such as defendants, "have a common-law duty to minimize foreseeable dangers on their property, including the criminal acts of third parties" (Maheshwari v City of New York, 2 NY3d 288, 294 [2004]; accord Milton v I.B.P.O.E. of the World Forest City Lodge, #180, 121 AD3d 1391, 1391 [2014]; see Vetrone v Ha Di Corp., 22 AD3d 835, 838-839 [2005]).  "The scope of that duty is defined according to the likelihood that such behavior will occur and endanger [attendees] based on past experience" (O'Connor v Syracuse Univ., 66 AD3d 1187, 1189 [2009], lv dismissed 14 NY3d 766 [2010] [citations omitted]; see Crowningshield v Proctor, 31 AD3d 1001, 1002 [2006]).  Accepting as true plaintiff's allegations that defendants knew or should have known of the widespread presence and use of illegal drugs at this annual festival, known as Camp

---

[1]  Plaintiff also commenced a separate action alleging negligence against, among others, the municipalities that issued the permits allowing the festival to take place (Bynum v Camp Bisco, LLC, ___ AD3d ___ [decided herewith]).

Bisco, we find that plaintiff has adequately stated a cause of action for negligence based on defendants' alleged failure to exercise reasonable care in curtailing the use of illegal drugs on the festival grounds.

As for plaintiff's separate cause of action for negligence based upon defendants' alleged failure to provide adequate onsite emergency medical services, defendants, as mass gathering permittees, had a clear duty to provide such services pursuant to the State Sanitary Code (see 10 NYCRR 7-4.3 [n]; 18.3 [b]; 18.4 [a]).  According to plaintiff's allegations, defendants knew that Camp Bisco had increased in size every year and that, in 2011, over 26,000 people were in attendance.  Plaintiff further asserts that, despite their apparent knowledge, defendants circumvented their duty to provide the proper level of medical services at the festival by misrepresenting to the relevant permitting authorities that the maximum attendance for the 2012 edition of Camp Bisco attended by Bynum would be just 12,000 people (see 10 NYCRR 18.4 [a] [1], [2]).  Accepting plaintiff's further statement that defendants' provision of inadequate medical services was a proximate cause of Bynum's injuries, we find that these allegations state a cognizable theory of negligence as well (see e.g. Burgundy Basin Inn v Watkins Glen Grand Prix Corp., 51 AD2d 140, 143-144 [1976]).

We do agree, however, with defendants' argument that plaintiff's fraud cause of action, which asserts that defendants misrepresented the anticipated attendance at Camp Bisco to the municipalities that issued the permits allowing the festival to take place, is not sufficient to survive a motion to dismiss.  In order to state a cause of action for fraudulent misrepresentation, a plaintiff must allege with particularity "'a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011], quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; see CPLR 3016 [b]).

Here, plaintiff concedes that defendants never made any misrepresentations regarding the estimated attendance at Camp Bisco to Bynum directly, which, ordinarily, is fatal to a claim of fraudulent misrepresentation (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 179-180). Contrary to plaintiff's contention, the third-party reliance doctrine is inapplicable to the facts of this case, as plaintiff does not allege that defendants' representations to the relevant permitting authorities regarding the expected attendance at Camp Bisco were made "for the purpose of being communicated to [Bynum]" or with the intent that such representations would "reach and influence [her]" (Eaton Cole & Burnham Co. v Avery, 83 NY 31, 35 [1880]; see Wildenstein v 5H&Co, Inc., 97 AD3d 488, 490 [2012]; compare Buxton Mfg. Co. v Valiant Moving & Stor., 239 AD2d 452, 453-454 [1997]; Desser v Schatz, 182 AD2d 478, 479-480 [1992]).

We also agree with defendants that Supreme Court should have dismissed the complaint in its entirety against Keber and Fordin, who are co-owners of defendant MCP Presents, LLC (see Limited Liability Company Law § 609 [a]). Plaintiff does not specifically allege any manner in which Fordin "participated in the commission of a tort in furtherance of company business or to benefit the business" (Haire v Bonelli, 57 AD3d 1354, 1357 [2008]; see Kew Gardens Hills Apt. Owners, Inc. v Horing Welikson & Rosen, P.C., 35 AD3d 383, 386 [2006]). As for Keber, plaintiff asserts only that he personally participated in the alleged fraudulent misrepresentation, a cause of action — as we have said — that plaintiff has failed to state.

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss (1) the entire complaint against defendant Brett Keber and defendant Jonathan Fordin, and (2) the third cause of action against the remaining defendants; motion granted to that extent and said causes of action dismissed as to said respective defendants; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court