*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 7, 2016                    521298
_____

DEBORAH BYNUM, Individually
    and as Guardian of the
    Person and Property of
    HEATHER BYNUM,
                          Respondent,

        v
                                                  MEMORANDUM AND ORDER

CAMP BISCO, LLC, et al.,
                          Defendants,
        and

TOWN OF DUANESBURG et al.,
                          Appellants.
_____

Calendar Date:  November 19, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

                          _____


        Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany
(Mark J. Dolan of counsel), for Town of Duanesburg, appellant.

        Shantz & Belkin, Latham (M. Randolph Belkin of counsel),
for County of Schenectady, appellant.

        LaFave, Wein & Frament, PLLC, Guilderland (Jason A. Frament
of counsel), for respondent.

                          _____


Rose, J.

        Appeal from an order of the Supreme Court (Versaci, J.),
entered January 26, 2015 in Schenectady County, which denied
motions by defendant Town of Duanesburg and defendant County of
Schenectady for summary judgment dismissing the complaint against

them.

Plaintiff's daughter, Heather Bynum, attended a music festival known as Camp Bisco, held in the Town of Duanesburg, Schenectady County, where she ingested a harmful substance and sustained significant injuries. Thereafter, plaintiff commenced this action on behalf of Bynum against, among others, defendants Town of Duanesburg and County of Schenectady (hereinafter collectively referred to as defendants), alleging that they negligently issued the necessary permits for Camp Bisco because they knew or should have known that the permit applications significantly underestimated the anticipated number of attendees, resulting in a level of medical staffing at the festival inadequate to promptly respond to Bynum's condition.[1] After joinder of issue, defendants separately moved for summary judgment dismissing the complaint against them, asserting governmental immunity from tort liability. Supreme Court thereafter denied defendants' motions, finding them to be premature, and further finding that issues of fact existed as to whether defendants assumed a special duty to Bynum. Defendants now appeal, and we reverse.

Where, as here, a municipality engages in a quintessential governmental function such as the issuance of permits, even if it does so negligently, the municipality is immune from liability unless it owed "a special duty to the injured person, in contrast to a general duty owed to the public" (McLean v City of New York, 12 NY3d 194, 199 [2009] [internal quotation marks and citation omitted]; see Applewhite v Accuhealth, Inc., 21 NY3d 420, 426 [2013]; Rickson v Town of Schuyler Falls, 263 AD2d 863, 864-865 [1999]). As relevant here, to prove a special duty to Bynum, plaintiff must establish "[t]he elements of a special relationship includ[ing] . . . direct contact between the municipality's agents and [Bynum], and [Bynum's] justifiable reliance . . . on the municipality's affirmative promise to act" (DeCrescente v Catholic Charities of the Diocese of Albany, 89

---

[1] Plaintiff also commenced a separate action alleging, among other things, negligence against the festival promoters (Bynum v Keber, ___ AD3d ___ [decided herewith]).

AD3d 1272, 1274 [2011], lv dismissed and denied 18 NY3d 943 [2012]; see Applewhite v Accuhealth, Inc., 21 NY3d at 430-431; Cuffy v City of New York, 69 NY2d 255, 260 [1987]).

Viewing the pleadings and submissions in the light most favorable to plaintiff and providing her with every favorable inference (see Andrew R. Mancini Assoc., Inc. v Mary Imogene Bassett Hosp., 80 AD3d 933, 935 [2011]; Walton v Albany Community Dev. Agency, 279 AD2d 93, 94-95 [2001]), we must agree with defendants that plaintiff's complaint and bill of particulars are devoid of factual allegations that Bynum had any direct contact with defendants, or that she relied upon any affirmative promise that defendants' agents would keep her safe while she attended Camp Bisco. Indeed, plaintiff claims only that Bynum relied upon the representations "contained in any and all applications for permits for Camp Bisco," which were completed by the festival organizers, not by defendants. In response to the motion, plaintiff made no additional factual allegations regarding either of these two required elements. Rather, she attempts to excuse her facially inadequate pleadings by relying upon our decision in Boland v State of New York (218 AD2d 235, 241-242 [1996]), where we held that, when a statutory scheme clearly imposes a duty upon a government to protect a discrete class of individuals, of which the injured person is a member, it is unnecessary to prove direct contact and reliance in order to establish a special relationship between a municipality and the injured person.

The record here, however, makes clear that our holding in Boland does not apply to plaintiff's claim against the Town, as her allegations make no mention of any statutory scheme pursuant to which the Town acted to approve a proposed amendment to the special use permit for the festival site. As to plaintiff's claim against the County, the pleadings allege only that the County violated specific provisions of the State Sanitary Code by granting a mass gathering permit based upon an application containing attendance estimations well below the actual attendance at Camp Bisco (see 10 NYCRR 7-4.2, 7-4.3, 7-4.7, 18.2, 18.3, 18.4, 18.6). While these regulations do require, among other things, the provision of certain levels of medical services depending on the number of attendees at large events, such as Camp Bisco, the protections that they bestow are not limited only

to Bynum and the other attendees of this particular festival. In other words, "[t]he regulations were intended to benefit [Bynum], but in the broad sense of protecting all members of the general public similarly situated. This, alone, is insufficient to form a basis for municipal liability" (O'Connor v City of New York, 58 NY2d 184, 190 [1983]; see Metz v State of New York, 20 NY3d 175, 180-181 [2012]).

Inasmuch as plaintiff does not allege any direct contact between Bynum and defendants, or that defendants made any affirmative promises directly to her, we find that Supreme Court's order denying defendants' motions for summary judgment must be reversed and the complaint against them must be dismissed (see Dinardo v City of New York, 13 NY3d 872, 874-875 [2009]; McLean v City of New York, 12 NY3d at 200-202; DeCrescente v Catholic Charities of the Diocese of Albany, 89 AD3d at 1274-1275; Lewis v State of New York, 68 AD3d 1513, 1514-1515 [2009]). Finally, we also disagree with Supreme Court's conclusion that defendants' motions were premature, as plaintiff has not demonstrated how additional discovery would produce relevant and material evidence sufficient to remedy the failures of her pleadings and proof (see Bowman v Kennedy, 126 AD3d 1203, 1206-1207 [2015]; Ullmannglass v Oneida, Ltd., 121 AD3d 1371, 1373 [2014]; Cox v Maloney, 262 AD2d 832, 833 [1999]).

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, motions granted, summary judgment awarded to defendant Town of Duanesburg and defendant County of Schenectady and complaint dismissed against said defendants.

ENTER:

Robert D. Mayberger
Clerk of the Court