■ DEBORAH BYNUM, Individually and as Administrator of the Estate of HEATHER BYNUM, Deceased, Respondent, v CAMP BISCO, LLC, et al., Appellants. [58 NYS3d 673]—

Lynch, J. Appeal from an order of the Supreme Court (Versaci, J.), entered March 4, 2016 in Schenectady County, which, among other things, partially granted plaintiff's cross motion to, among other things, compel discovery.

This matter was previously before the Court (135 AD3d 1060 [2016]; 135 AD3d 1066 [2016]). Briefly, plaintiff's daughter, Heather Bynum, sustained serious and ultimately fatal injuries after ingesting a harmful substance while attending a music

festival known as Camp Bisco.[1] Defendants include Camp Bisco, LLC (the manager and operator of the festival), Indian Lookout Country Club, Inc. and Francis H. Potter, Jr. (the owners of the premises), Peter L. Brodie and Allison G. Onorat (two individuals in charge of coordinating medical transportation), and MCP Presents, LLC and Meatcamp Productions, Inc. (the promoters).[2] At issue on this appeal is plaintiff's demand for festival ticket sale records from 2008 through 2012.[3] Finding the discovery request was material and relevant to plaintiff's claim, Supreme Court denied defendants' motion for a protective order and ordered defendants to produce the requested records. Insofar as plaintiff also cross-moved to disqualify defense counsel from representing all of the defendants, the court directed defense counsel to provide written statements from each defendant addressing any potential conflict of interest. Defendants appeal.

We affirm. With respect to the ticket sale records, we have previously recognized that plaintiff has stated a viable negligence cause of action "based upon defendants' alleged failure to provide adequate onsite emergency medical services" (135 AD3d at 1067). The premise for this claim is "that, despite their apparent knowledge, defendants circumvented their duty to provide the proper level of medical services at the festival by misrepresenting to the relevant permitting authorities that the maximum attendance for the 2012 edition of Camp Bisco attended by Bynum would be just 12,000 people" (id.). Under the State Sanitary Code, the level of required health care facilities and staff on site increases with heightened attendance (see 10 NYCRR 18.4 [a]). Since the record indicates that attendance increased throughout the relevant period to as many as 25,000 attendees in 2011, the ticket sale records are clearly material and relevant to plaintiff's claim. As such, Supreme Court properly exercised its broad discretion in directing defendants to produce the records.

---

1. During the pendency of this appeal, Bynum passed away. In March 2017, an order was issued substituting Deborah Bynum, individually and as administrator of Bynum's estate, as plaintiff. In addition, although two actions were originally commenced against the various defendants, Supreme Court consolidated the two actions.

2. In our previous decisions, we dismissed the complaint against the Town of Duanesburg and the County of Schenectady (135 AD3d at 1063) and Brett Keber and Jonathan Fordin, co-owners of MCP Presents, LLC (135 AD3d at 1068).

3. While defendants have represented that the 2012 ticket sale records have been provided, plaintiff maintains in her brief that the records received were "illegible."

With respect to defense counsel's potential conflict of interest, we first note that defendants failed to preserve any objection that plaintiff lacked standing to raise the issue or failed to file her cross motion in a timely manner. Nor did Supreme Court err in ordering defense counsel to obtain the written statements. "[A] lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a]; *accord Shelby v Blakes*, 129 AD3d 823, 825 [2015]). Notwithstanding such a conflict, a lawyer may still represent a client if "(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [b]; *see Giammona v 72 Mark Lane, LLC*, 143 AD3d 941, 943 [2016]; *Ferolito v Vultaggio*, 99 AD3d 19, 27 [2012]). All Supreme Court's order effectively does is assure compliance with this rule.[4] Considering the differing roles of each defendant, we conclude that Supreme Court prudently directed defense counsel to provide the client statements.

Garry, J.P., Rose and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.

---

4. While plaintiff advises that defense counsel failed to provide the required statements within 60 days as directed, compliance with that order is for the trial court to address in the first instance.