Maldonado v Ruppert Hous. Co., Inc. (2023 NY Slip Op 03072)

Maldonado v Ruppert Hous. Co., Inc.

2023 NY Slip Op 03072

Decided on June 08, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 08, 2023

Before: Webber, J.P., González, Rodriguez, Pitt-Burke, JJ. 

Index No. 153148/15 Appeal No. 427 Case No. 2022-04197 

[*1]Emily Maldonado et al., Plaintiffs-Respondents,
v
Ruppert Housing Company, Inc., et al., Defendants-Appellants.

Mauro Lilling Naparty LLP, Woodbury (Seth M. Weinberg of counsel), for appellants.
Brandon J. Broderick, Attorneys at Law, New York (Jason A. Richman of counsel), for respondents.

Order, Supreme Court, New York County (Frank Nervo, J.), entered August 22, 2022, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.
Plaintiff Steven Torres alleges that he was injured by an attack in his girlfriend's apartment in a building owned and managed by defendants. The record demonstrates that plaintiff and his girlfriend had informed the building that the assailant had threatened them, and that he should not be allowed in the building without the police being present. Nevertheless, building employees allowed the assailant into the building and one of the employees escorted the assailant to plaintiff's apartment and left him unattended. When plaintiff subsequently opened the apartment door, he was attacked. Under the circumstances, questions of fact exist as to whether a proximate cause of plaintiff's injuries was defendants' employees permitting the assailant entry to the building, and/or leaving the assailant alone at the apartment door without informing plaintiff (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550 [1998]) or whether plaintiff's opening of the apartment door to the assailant was an intervening cause of injury (see Mason v U.E.S.S. Leasing Corp ., 274 AD2d 79, 81-82 [1st Dept 2000], affd 96 NY2d 875 [2001]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2023