■ OFELIA RAGONA, Respondent, v HAMILTON HALL REALTY, Appellant. [674 NYS2d 113] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lonschein, J.), entered July 14, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting therefrom the provision which denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages based on a breach of the defendant's common-law duty to provide minimal security measures and substituting therefore a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff alleges that in the early hours of January 29, 1993, she was assaulted by two intruders in her apartment building. The plaintiff claims that the intruders were able to gain entry without using a key by way of a broken interior lobby door, in violation of Multiple Dwelling Law §§ 50-a and 78, and Administrative Code of the City of New York § 27-371 (j) (2).

After depositions were completed, the defendant moved for summary judgment, contending, inter alia, that the plaintiff had failed to show sufficient evidence of prior criminal activity, and that no liability attaches for any violation of the various statutes and ordinances which require that interior lobby doors be equipped with a lock and be kept in good working order. The Supreme Court denied the motion, finding, inter alia, that plaintiff had shown sufficient evidence thereof to avoid dismissal. We disagree in part.

Assuming the truth of the plaintiff's allegations, as we must on a motion for summary judgment, her evidence of prior criminal activity in the building consisted solely of her conclusory assertions that at some earlier time she had informed the defendant's superintendent that there was drug dealing and

loitering taking place in the defendant's building. This constitutes insufficient evidence of prior criminal activity so as to put the defendant on notice and require it to take minimal security measures (*see, Burgos v Aqueduct Realty*, 245 AD2d 221; *Rozhik v 1600 Ocean Parkway Assocs.*, 208 AD2d 913; *cf., Jacqueline S. v City of New York*, 81 NY2d 288; *see generally, Miller v State of New York*, 62 NY2d 506; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507).

However, we reject the defendant's contention that the plaintiff cannot assert a claim based upon an alleged breach of its legislatively-mandated obligation to provide and maintain a properly-locked inner lobby door (*see*, Multiple Dwelling Law §§ 50-a, 78; Administrative Code § 27-371 [j] [2]). The defendant has offered no reason to cause this Court to deviate from the generally-accepted principle that the violation of a statute constitutes negligence per se, and the violation of an ordinance constitutes some evidence of negligence (*see*, PJI 2:25; 2:29).

The defendant's remaining contentions are without merit. Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.