■ RAFAEL SOTO et al., Appellants, v 2101 REALTY Co. et al., Respondents, et al., Defendants. [699 NYS2d 107] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County

(Kramer, J.), dated August 20, 1998, which granted the cross motion of the defendants, 2101 Realty Co., N.E. Realty Co., Nanasi Enterprises, John Nanasi, Norman Diamond, and Jeffery Miller, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff, Rafael Soto (hereinafter the plaintiff), a tenant in and the superintendent of a building owned by the respondents, alleges that while he was working in the lobby of the building, he was assaulted by several individuals who attempted to rob him, and who beat him with a baseball bat causing severe injuries to the head. He claims that the alleged intruders were able to gain entry without using a key because the lobby door lock was, at times, inoperable. The Supreme Court granted the respondents' cross motion for summary judgment on the grounds that the plaintiff could not show sufficient evidence of prior criminal activity to require them to take security measures, or that the broken door lock was a proximate cause of the plaintiff's injuries.

The evidence of prior criminal activity in the building consisted of the plaintiff's conclusory assertions that at some time before his assault he had informed an employee of the agency that managed the building that individuals were selling drugs and loitering in the basement of the building, and that tenants had informed him that they had been robbed on the sidewalk outside the building. These allegations were insufficient to put the respondents on notice of prior criminal activity and to require them to take minimal security measures (*cf., Burgos v Aqueduct Realty Corp.,* 92 NY2d 544, 551; *Ragona v Hamilton Hall Realty,* 251 AD2d 391). Furthermore, the plaintiff failed to offer sufficient evidence from which it could reasonably be inferred that his assailants were intruders (*see, Burgos v Aqueduct Realty Corp., supra; cf., Rios v Jackson Assocs.,* 259 AD2d 608). He testified that his back was turned away from the front door and he did not see the assailants until they were inside the building. Moreover, he admitted that he did not know every tenant in the building, which consisted of 97 apartments, and he could not say whether the assailants were tenants, guests, or intruders. Under the circumstances, after the respondents made out a prima facie case for summary judgment, the plaintiffs did not sustain their burden of submitting sufficient admissible evidence to raise a triable issue of fact, and the Supreme Court properly granted summary judgment to the respondents (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). S. Miller, J. P., Altman, Schmidt and Smith, JJ., concur.