■ MIGUEL BEATO, Respondent, v COSMOPOLITAN ASSOCIATES, LLC, Appellant, et al., Defendants. [893 NYS2d 578]—

The plaintiff, a tenant in a building owned by the defendant Cosmopolitan Associates, LLC (hereinafter Cosmopolitan), commenced this action to recover damages for personal injuries sustained when he was assaulted by a group of men in the lobby of the building. As a result of the assault, the plaintiff sustained serious head and facial injuries. At trial, the plaintiff testified that he had previously complained to the building superintendent that a group of men were loitering in the lobby and that he suspected they were selling drugs. The jury found in favor of the plaintiff on the issue of liability, determining that Cosmopolitan was 75% at fault. The jury awarded the plaintiff the principal sums of $1,500,000 for past pain and suffering, $250,000 for past medical expenses, $3,500,000 for future pain and suffering, and $1,500,000 for future medical expenses.

After trial, Cosmopolitan moved pursuant to CPLR 4404 (a), inter alia, to set aside the jury verdict on the issue of liability, for judgment as a matter of law on the ground that the jury verdict was not supported by legally sufficient evidence, and to reduce the damages award. The court denied the motion, with

the exception of reducing the damages award for future pain and suffering from the principal sum of $3,500,000 to the principal sum of $2,000,000 and reducing the award for future medical expenses from the principal sum of $1,500,000 to the principal sum of $200,000. We reverse the order insofar as appealed from.

A landlord is not the insurer of the safety of its tenants (*see Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519 [1980]). Nevertheless, "[l]andlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including foreseeable criminal conduct by a third person" (*Mason v U.E.S.S. Leasing Corp.,* 96 NY2d 875, 878 [2001]; *see Burgos v Aqueduct Realty Corp.,* 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York,* 81 NY2d 288, 293-294 [1993]; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d at 519). Third-party criminal conduct is considered foreseeable as a matter of law where it is "reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (*Novikova v Greenbriar Owners Corp.,* 258 AD2d 149, 153 [1999]; *see Jacqueline S. v City of New York,* 81 NY2d at 295). "Without evidentiary proof of notice of prior criminal activity, the owner's duty reasonably to protect those using the premises from such activity never arises. 'The question of the scope of an alleged tort-feasor's duty is, in the first instance, a legal issue for the court to resolve' " (*Williams v Citibank,* 247 AD2d 49, 51-52 [1998], quoting *Waters v New York City Hous. Auth.,* 69 NY2d 225, 229 [1987]). Whether the prior criminal activity occurring within the subject premises provides sufficient evidence "to establish that it is reasonably foreseeable that the tenants are at risk of harm depends on a variety of factors, including 'the location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question' " (*Venetal v City of New York,* 21 AD3d 1087, 1089 [2005], quoting *Jacqueline S. v City of New York,* 81 NY2d at 295; *see Mason v U.E.S.S. Leasing Corp.,* 96 NY2d at 878; *Williams v Citibank,* 247 AD2d at 52).

Here, the plaintiff's testimony that he previously complained of loitering and suspected drug sales in the lobby of the subject apartment building was insufficient to establish the foreseeability of the assault that led to his injuries (*see Soto v 2101 Realty Co.,* 266 AD2d 529 [1999]; *Ragona v Hamilton Hall Realty,* 251 AD2d 391 [1998]; *cf. Neil v New York City Hous. Auth.,* 48 AD3d 767 [2008]). Accordingly, that branch of the Cosmopolitan's motion which was to set aside the verdict on li-

ability and for judgment as a matter of law should have been granted.

In view of our determination, we need not reach Cosmopolitan's remaining contentions. Rivera, J.P., Leventhal, Belen and Austin, JJ., concur. **[Prior Case History: 2008 NY Slip Op 32465(U).]**