■ HEATHER FERGUSON, Appellant, v ANTAEUS REALTY CORP. et al., Respondents. (And a Third-Party Action.) [941 NYS2d 870]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated February 14, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was the victim of an attack which occurred inside her apartment, located in a two-family home owned by the defendants. The assailant gained entry into the apartment from the outside by forcing open the locked rear kitchen door of the apartment. Prior to the attack, a friend of the plaintiff replaced the lock on the kitchen door that had been provided by the defendants with a lock that the plaintiff purchased herself. The plaintiff subsequently commenced this action alleging that the defendants failed to provide adequate security. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals, and we affirm.

A landlord is not the insurer of the safety of its tenants (*see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]). However, "[l]andlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including foreseeable criminal conduct by a third person" (*Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d at 519). "In premises security cases particularly, the necessary causal link between a landlord's

culpable failure to provide adequate security and a tenant's injuries resulting from a criminal attack in the building can be established only if the assailant gained access to the premises through a negligently maintained entrance" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d at 550).

In this case, the defendants established their prima facie entitlement to judgment as a matter of law. In opposition to the defendants' motion, the plaintiff failed to raise a triable issue of fact. While the plaintiff claimed that the defendants should have provided her with a deadbolt lock in addition to the kitchen door lock she purchased herself, she failed to submit any evidence that the original lock provided by the landlord, which she replaced, had not functioned properly or that the original lock did not constitute a minimal security measure adequate to protect her from foreseeable harm (*id.*). Accordingly, she failed to adduce evidence that there was negligence on the part of the defendants. Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Florio, J.P., Balkin, Lott and Miller, JJ., concur.