■ KARS JEWELRY, INC., Appellant, v LEVITAN DESIGN ASSOCIATES, INC., et al., Respondents. [5 NYS3d 4]—

Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered August 20, 2013, dismissing the complaint, and bringing up for review an order, same court (Geoffrey D. Wright, J.), entered July 29, 2013, which granted the motion of defendants Scarlet Kim and 39 West 29th Street Owners Corp. for a directed verdict dismissing the complaint, and an order, same court (Doris Ling-Cohan, J.), entered April 12, 2011, which granted the motion of defendants Levitan Design Associates and Leonard Levitan for summary judgment, unanimously affirmed, without costs. Appeal from the July 29, 2013 order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court properly dismissed the claims against the Levitan defendants in that they demonstrated that they took minimal precautions to protect plaintiff from foreseeable harm by providing locks on all the doors to the leased premises (*see Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]). Moreover, the burglary was not foreseeable based on a single prior burglary 11 years earlier.

With respect to the remaining defendants, while the better

practice would have been to let the case be decided by the jury, the court nevertheless did not improperly direct a verdict in their favor at the conclusion of plaintiff's case as no evidence was produced linking their conduct to the burglary. Although there was testimony that the front door and the door to the basement were left unlocked at times, and unauthorized persons were permitted to operate the freight elevator, it was undisputed that those doors all had functioning locks and the elevator required a key. Moreover, no evidence was presented that the burglars gained entry to plaintiff's premises through the unlocked doors (*see Perez v McFarlane*, 18 AD3d 232 [1st Dept 2005]). Concur—Tom, J.P., Friedman, Acosta, Saxe and Kapnick, JJ.