■ MOHAMMED A. KARIM, Respondent, v 89TH JAMAICA RE-ALTY COMPANY, L.P., Appellant, et al., Defendants. (And a Third-Party Action.) [7 NYS3d 488]—

In an action to recover damages for personal injuries, the defendant 89th Jamaica Realty Company, L.P., appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated February 26, 2013, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff operated a store in a bus terminal on premises owned and operated by 89th Jamaica Realty Company, L.P. (hereinafter 89th Jamaica Realty). He brought this action against, among others, 89th Jamaica Realty after a passerby in the waiting area outside the store entered the store and assaulted him.

A landlord is not the insurer of the safety of its tenants (*see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]). Nevertheless, landlords have a duty to take reasonable precautions to protect tenants and visitors from foreseeable harm, including foreseeable criminal conduct by third parties (*see Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]). To establish that criminal acts were foreseeable, the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location (*see Tambriz v P.G.K. Luncheonette, Inc.*, 124 AD3d 626, 627 [2015]; *Ishmail v ATM Three, LLC*, 77 AD3d 790, 791-792 [2010]; *Beato v Cosmopolitan Assoc., LLC*, 69 AD3d 774, 776 [2010]; *Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 153 [1999]).

Here, on its motion for summary judgment, 89th Jamaica Realty failed to establish, prima facie, that it lacked notice of the same or similar criminal activity occurring on the premises. In addition, the evidence submitted by 89th Jamaica Realty demonstrated that the security guard on duty the day of the subject incident took his regular lunch break, with the knowledge of 89th Jamaica Realty's office manager, prior to the arrival of a second security guard, thus leaving no security guard on duty at the time of the assault on the plaintiff. Under these circumstances, 89th Jamaica Realty failed to meet its prima facie burden of establishing its entitlement to judgment as a

matter of law. Accordingly, the Supreme Court properly denied its motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.