(March 4, 2016)

■ Mondo New Line, Inc., Respondent, v Syosset Industrial Park, LLC, Appellant. [26 NYS3d 477]—

In an action, inter alia, to recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered July 10, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs,

and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff, which operates an online retail business, rented a warehouse in an industrial park owned by the defendant. Sometime between Friday, October 14, 2011, and Monday, October 17, 2011, burglars broke into the vacant unit next to the plaintiff's unit by breaking the deadbolt lock on the vacant unit's door. The burglars then broke through a sheetrock wall that divided the two units, entered the plaintiff's unit, and stole a substantial amount of merchandise belonging to the plaintiff. The plaintiff commenced this action against the defendant, alleging that the defendant failed to take reasonable steps to secure the premises and prevent unauthorized persons from gaining access to the warehouse. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We reverse.

"Landlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including foreseeable criminal conduct by a third person" (*Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]). However, a landlord is not an insurer of the safety of its tenants (*see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]; *Karim v 89th Jamaica Realty Co., L.P.*, 127 AD3d 1030, 1030 [2015]; *Ferguson v Antaeus Realty Corp.*, 94 AD3d 806, 806 [2012]). Here, the defendant established, prima facie, that it provided minimal security measures adequate to protect the plaintiff from foreseeable harm, and that a burglary of the kind perpetrated in this case was not foreseeable (*see Kars Jewelry, Inc. v Levitan Design Assoc., Inc.*, 125 AD3d 503, 503 [2015]; *Ferguson v Antaeus Realty Corp.*, 94 AD3d at 807; *Ishmail v ATM Three, LLC*, 77 AD3d 790, 791-792 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.