■ ANAT GOLUB et al., Respondents, v GEORGE N. LOURIS et al., Appellants. [60 NYS3d 415]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Velasquez, J.), dated June 30, 2016, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiffs commenced this action against the defendants, who owned an apartment rented by the plaintiffs, inter alia, to recover damages for personal injuries resulting from an armed robbery of the plaintiffs that occurred in the apartment. The

intruders apparently gained entry by breaking into a basement apartment in the same building through a window, which allowed them to enter a garage, from which they climbed a stairway that led up to a rear door to the plaintiffs' apartment. The plaintiffs alleged that the defendants' failure to provide an interior rear door that was secured or an apparatus that would permit the door to be locked from inside was the cause of the robbery. The defendants moved for summary judgment dismissing the complaint. In an order dated June 30, 2016, the Supreme Court denied the defendants' motion.

"Landlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including foreseeable criminal conduct by a third person" (*Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]). "To establish that criminal acts were foreseeable, the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (*Karim v 89th Jamaica Realty Co., L.P.*, 127 AD3d 1030, 1030 [2015]; *see Novikova v Greenbriar Owners Corp.*, 258 AD2d 149, 152-153 [1999]). " 'Without evidentiary proof of notice of prior criminal activity, the owner's duty reasonably to protect those using the premises from such activity never arises' " (*Beato v Cosmopolitan Assoc., LLC*, 69 AD3d 774, 776 [2010], quoting *Williams v Citibank*, 247 AD2d 49, 51 [1998]; *see Evans v 141 Condominium Corp.*, 258 AD2d 293, 295-296 [1999]; *Ragona v Hamilton Hall Realty*, 251 AD2d 391, 391-392 [1998]; *Francis v Ocean Vil. Apts.*, 222 AD2 551, 551-552 [1995]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they lacked notice of the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject premises (*see Beato v Cosmopolitan Assoc., LLC*, 69 AD3d at 776; *Soto v 2101 Realty Co.*, 266 AD2d 529, 530 [1999]; *Ragona v Hamilton Hall Realty*, 251 AD2d at 391-392). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Johnson v City of New York*, 7 AD3d 577, 578 [2004]; *see also Beato v Cosmopolitan Assoc., LLC*, 69 AD3d at 777; *Novikova v Greenbriar Owners Corp.*, 258 AD2d at 153).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.