Muzafarov v Casallas-Gonzalez (2018 NY Slip Op 05771)





Muzafarov v Casallas-Gonzalez


2018 NY Slip Op 05771


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-10902
 (Index No. 101566/13)

[*1]Anvar Muzafarov, et al., respondents, 
v
Eduardo Casallas- Gonzalez, et al., defendants, Regal Cinemas, Inc., appellant.


Marshall Dennehey Warner Coleman & Goggin, New York, NY (Adam C. Calvert of counsel), for appellant.
Reardon Anderson, LLC, New York, NY (Leonid Kushnir of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Regal Cinemas, Inc., appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated September 14, 2016. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Regal Cinemas, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff Anvar Muzafarov (hereinafter the injured plaintiff), a patron of a movie theater owned by the defendant Regal Cinemas, Inc. (hereinafter Regal), allegedly was injured in the parking lot of the theater. The injured plaintiff allegedly was punched in the face by the defendant Eduardo Casallas-Gonzalez (hereinafter Casallas-Gonzalez) during an argument over a parking spot. The injured plaintiff and his wife, Svetlana Tokareva, suing derivatively (hereinafter together the plaintiffs), commenced this personal injury action alleging, inter alia, that Regal breached its duty to the injured plaintiff by failing to provide adequate security, and that the breach was a proximate cause of his injuries. After the completion of discovery, Regal moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion.
A landlord is under a duty to take minimal precautions to protect its tenants and invitees from foreseeable harm, "including the harm caused by a third party's foreseeable criminal conduct on the premises" (Johnson v City of New York, 7 AD3d 577, 577; see Mason v U.E.S.S. Leasing Corp., 96 NY2d 875, 878; Granata v City of White Plains, 120 AD3d 1187, 1189). "To establish that criminal acts were foreseeable, the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (Karim v 89th Jamaica Realty Co., L.P., 127 AD3d 1030, 1030; see Jacqueline S. v City of New York, 81 NY2d 288, 295). Knowledge of ambient neighborhood crime, standing alone, is insufficient to establish foreseeability (see Novikova [*2]v Greenbriar Owners Corp., 258 AD2d 149, 153).
Here, Regal established its prima facie entitlement to judgment as a matter of law through the submission of evidence demonstrating that the physical altercation between the injured plaintiff and Casallas-Gonzalez was a sudden and unforeseeable event that could not have been anticipated or prevented by the provision of greater security measures (see Roberts v Nostrand Hillel Food, Inc., 90 AD3d 1011; Katekis v Naut, Inc., 60 AD3d 817, 818). Regal also established prima facie that the alleged criminal acts committed by Casallas-Gonzalez were not reasonably predictable (see Karim v 89th Jamaica Realty Co., L.P., 127 AD3d at 1030). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have granted Regal's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court