George v 855 Ocean Ave., LLC (2018 NY Slip Op 07100)





George v 855 Ocean Ave., LLC


2018 NY Slip Op 07100


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-01499
 (Index No. 4840/08)

[*1]Yvonne George, appellant, 
v
855 Ocean Avenue, LLC, respondent.


Joel J. Turney, LLC, New York, NY, for appellant.
Weiner, Millo, Morgan & Bonanno, LLC (Mauro Lilling Naparty LLP, Woodbury, NY [Jennifer Ettenger], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated December 9, 2015. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was assaulted in the vestibule of a residential building in which she lived. The vestibule was accessed through an unlocked front door. A second door leading into the building's lobby was locked, and there was an intercom buzzer system in the vestibule that permitted residents to control access to the building. The perpetrator of the assault was inside the vestibule when the plaintiff entered the building.
The plaintiff commenced this personal injury action against the defendant, the owner of the building, alleging that the defendant was negligent in failing to provide adequate security at the building. The defendant moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
"Landlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including foreseeable criminal conduct by a third person" (Mason v U.E.S.S. Leasing Corp., 96 NY2d 875, 878; see Jacqueline S. v City of New York, 81 NY2d 288, 293-294). "To establish foreseeability, there is no requirement that the past experience of criminal activity be of the same type as that to which the plaintiff was subjected" (Bryan v Crobar, 65 AD3d 997, 999; see Jacqueline S. v City of New York, 81 NY2d at 294-295). However, "the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (Gentile v Town & Vil. of Harrison, N.Y., 137 AD3d 971, 972; see Golub v Louris, 153 AD3d 903, 904).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it lacked notice of any prior occurrences of the same or similar criminal [*2]activity at or near the subject premises (see Golub v Louris, 153 AD3d at 904; Beato v Cosmopolitan Assoc., LLC, 69 AD3d 774, 776). In opposition, the plaintiff failed to raise a triable issue of fact, despite her submission of evidence of prior criminal conduct at the building. Those prior incidents, which mostly occurred inside apartments, were not sufficiently similar in nature and location to the instant offense so as to have placed the defendant on notice that additional security measures were required, including a locking door to the vestibule area with an exterior intercom buzzer system (see Golub v Louris, 153 AD3d at 903-904; Davis v Rochdale Vil., Inc., 83 AD3d 991, 992; Beato v Cosmopolitan Assoc., LLC, 69 AD3d 774; Michelle K. v Stonehurst III Assoc., 50 AD3d 639, 640; Browne v GMRI, Inc., 6 AD3d 640, 640-641).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court