Markov v Grecian Gardens Co. (2020 NY Slip Op 06771)





Markov v Grecian Gardens Co.


2020 NY Slip Op 06771


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-01041
 (Index No. 5745/03)

[*1]Dmitry Markov, et al., appellants, 
v
Grecian Gardens Co., et al., respondents.


Jorge Sorote, New York, NY, for appellants.
Law Offices of Tromello, Fishman & Vloce, New York, NY (Stephanie Johnson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for loss of personal property and for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated December 4, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Dmitry Markov rented an apartment on the sixth floor of a residential building in Brooklyn that was owned and allegedly managed by the defendants. Markov was a dealer in rare coins, medals, and other antiquities, and kept certain merchandise for auction in his apartment. On August 8, 2002, at approximately 4:00 a.m., nonparty Oleg Grabsky, who resided in another apartment in the building, and three others entered Markov's apartment via his terrace door and robbed him at gunpoint. Although it is unknown on this record how and when the intruders gained entry to the building, it is believed that they accessed Markov's terrace from the roof above. Further, while it is unknown where the intruders went after exiting Markov's apartment, Grabsky was found to have stored the stolen items in his apartment. Markov had a home alarm system installed at the time, but he had not activated it on the subject night. Grabsky and the others were apprehended and convicted in federal court in relation to this crime and others allegedly connected to a Russian criminal enterprise.
Markov and his company, Dmitry Markov Coins and Medals, commenced this action against the defendants to recover damages for loss of personal property and for personal injuries allegedly sustained by Markov during the robbery. The plaintiffs alleged that the defendants negligently failed to provide a competent doorman and reasonable security under the circumstances, and that such failure was a proximate cause of the plaintiffs' injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiffs appeal.
A landlord is not required to insure the safety of tenants or visitors (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519). However, "[l]andlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including foreseeable criminal [*2]conduct by a third person" (Mason v U.E.S.S. Leasing Corp., 96 NY2d 875, 878; see Golub v Louris, 153 AD3d 903, 904). "To establish that criminal acts were foreseeable, the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (Karim v 89th Jamaica Realty Co., L.P., 127 AD3d 1030, 1030). In the absence of evidentiary proof of notice of prior criminal activity, the owner's duty reasonably to protect those using the premises from such activity never arises (see Beato v Cosmopolitan Assoc., LLC, 69 AD3d 774, 776; Williams v Citibank, 247 AD2d 49, 51). "The question of the scope of an alleged tort-feasor's duty is, in the first instance, a legal issue for the court to resolve" (Waters v New York City Hous. Auth., 69 NY2d 225, 229; see Williams v Citibank, 247 AD2d at 51-52).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they lacked notice of the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject premises (see Golub v Louris, 153 AD3d at 904; Beato v Cosmopolitan Assoc., LLC, 69 AD3d at 776). In opposition, the plaintiffs failed to raise a triable issue of fact (see Golub v Louris, 153 AD3d at 904).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
In light of the foregoing, we do not reach the parties' remaining contentions.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court