King v Diplomat Hospitality Group, LLC (2023 NY Slip Op 03687)

King v Diplomat Hospitality Group, LLC

2023 NY Slip Op 03687

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-07097
 (Index No. 492/17)

[*1]Marcus King, appellant, 
v
Diplomat Hospitality Group, LLC, respondent, et al., defendant.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Eric D. Feldman, Melville, NY (Scott W. Driver of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated May 8, 2020. The order granted the motion of the defendant Diplomat Hospitality Group, LLC, for summary judgment dismissing the complaint insofar as against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while staying at a hotel owned by the defendant Diplomat Hospitality Group, LLC (hereinafter Diplomat), when an intruder attempted to enter a window of the ground-level room in which the plaintiff was staying and a struggle ensued until the intruder fled. The plaintiff commenced this action against Diplomat and another defendant, alleging, inter alia, that Diplomat was negligent in its security of the hotel premises. Diplomat moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion. The plaintiff appeals.
"A possessor of real property is under a duty to maintain reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties" (Bryan v Crobar, 65 AD3d 997, 999; see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519-520; Davis v Commack Hotel, LLC, 174 AD3d 501, 502; Hartman v Milbel Enters., Inc., 130 AD3d 978, 982). "To establish foreseeability, there is no requirement that the past experience of criminal activity be of the same type as that to which the plaintiff was subjected" (Bryan v Crobar, 65 AD3d at 999; see Jacqueline S. v City of New York, 81 NY2d 288, 294-295; Davis v Commack Hotel, LLC, 174 AD3d at 502). However, "the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (Novikova v Greenbriar Owners Corp., 258 AD2d 149, 153; see Davis v Commack Hotel, LLC, 174 AD3d at 502; Hartman v Milbel Enters., Inc., 130 AD3d at 982).
Here, Diplomat established its prima facie entitlement to judgment as a matter of law by demonstrating that the subject occurrence was not foreseeable, as Diplomat had no notice of the same or similar criminal activity occurring at a location sufficiently proximate to the subject [*2]premises (see Golub v Louris, 153 AD3d 903, 904; Beato v Cosmopolitan Assoc., LLC, 69 AD3d 774, 776; Soto v 2101 Realty Co., 266 AD2d 529, 530). The evidence submitted by the plaintiff in opposition, while showing evidence of prior criminal incidents on the subject premises, failed to raise a triable issue of fact as to foreseeability, as the prior incidents were not the same or similar to the subject occurrence (see Maria T. v New York Holding Co. Assoc., 52 AD3d 356, 359; Sepulveda v Empire of Hempstead, 6 AD3d 603, 604; Novikova v Greenbriar Owners Corp., 258 AD2d at 153).
Accordingly, the Supreme Court properly granted Diplomat's motion for summary judgment dismissing the complaint insofar as asserted against it.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court