Memeh v Spa 88, LLC (2023 NY Slip Op 06315)

Memeh v Spa 88, LLC

2023 NY Slip Op 06315

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 158887/19 Appeal No. 1042 Case No. 2023-02755 

[*1]Chinyere Memeh, Plaintiff-Respondent,
v
Spa 88, LLC, Defendant-Appellant.

Rutherford & Christie, LLP, New York (David S. Rutherford of counsel), for appellant.
Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered February 16, 2023, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff seeks to recover damages for injuries allegedly sustained when she was sexually assaulted at the spa/bathhouse owned and operated by defendant. The alleged assault took place when a patron of the spa pretended to be a masseur employed by the spa, offered plaintiff a massage, and then sexually assaulted her.
While landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property, an owner's duty to control the conduct of persons on its premises arises only when it has the opportunity to control such persons and is reasonably aware of the need for such control (see D'Amico v Christie, 71 NY2d 76, 85 [1987]; Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519 [1980]; Wayburn v Madison Land Ltd. Partnership, 282 AD2d 301 [1st Dept 2001]). Thus the owner of a public establishment has no duty to protect patrons against unforeseeable and unexpected assaults (see Colarossi v University of Rochester, 2 NY3d 773 [2004]; Maria T. v New York Holding Co. Assoc., 52 AD3d 356, 358 [1st Dept 2008], lv denied 11 NY3d 708 [2008]; Williams v Citibank, 247 AD2d 49, 53 [1st Dept 1998], lv denied 92 NY2d 815 [1998]). To establish foreseeability based upon prior history of third-party criminal behavior, the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location (see Maheshwari v City of New York, 2 NY3d 288, 294 [2004]; Maria T. v New York Holding Co. Assoc., 52 AD3d at 357; Gross v Empire State Bldg. Assoc., 4 AD3d 45 [1st Dept 2004], lv denied 3 NY3d 605 [2004]).
Defendant met its burden on summary judgment with a prima facie showing establishing as a matter of law that the sexual assault upon plaintiff, by a patron of the spa was unforeseeable, i.e., not reasonably predictable. Plaintiff failed to come forth with competent evidence to raise a triable issue of fact regarding foreseeability. Contrary to plaintiff's allegations, it was not reasonably foreseeable that a fight occurring amongst male patrons, who had been drinking there, could lead to the alleged assailant pretending to be an employee of the spa and then sexually assaulting her (see Maheshwari, 2 NY3d at 294 [contrasting past incidents of disorderly conduct, misdemeanor assault, and criminal mischief from "brutal attack" at issue, and holding the latter not foreseeable]). The prior altercation noted by plaintiff was completely unrelated to her situation and thus cannot support a claim that the instant assault was a foreseeable consequence of defendant permitting the men involved in the altercation [*2]to remain at the premises (id.; see also Ortiz v Wiis Realty Corp., 66 AD3d 429 [1st Dept 2009]).
In light of our determination of nonforeseeability, we need not reach the remaining issues raised by the parties.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023