Lazarus v Wildlife Preserves, Inc. (2024 NY Slip Op 03685)

Lazarus v Wildlife Preserves, Inc.

2024 NY Slip Op 03685

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-09807
 (Index No. 64037/19)

[*1]Matthew Lazarus, appellant, 
v
Wildlife Preserves, Inc., et al., respondents (and a third-party action).

Antonio Marano, Commack, NY, for appellant.
Meyner and Landis, LLP, New York, NY (Catherine Pastrikos Kelly of counsel), for respondent Wildlife Preserves, Inc., and Faegre Drinker Biddle & Reath LLP, New York, NY (Clay J. Pierce of counsel), for respondent Marsh Sanctuary, Inc. (one brief filed).

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated August 3, 2023. The order, insofar as appealed from, granted the motion of the defendants for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2019, the plaintiff commenced this action against the defendants, Wildlife Preserves, Inc., and Marsh Sanctuary, Inc. (hereinafter Marsh Sanctuary), pursuant to the Child Victims Act (see CPLR 214-g), alleging, inter alia, that he was sexually abused as a child between 1990 and 1996 by the child of an individual who, at the time, was an employee of the defendant Marsh Sanctuary. The plaintiff alleged that the abuse took place on property owned and managed by the defendants consisting of a 156-acre nature preserve, and asserted a cause of action sounding in premises liability. The defendants moved for summary judgment dismissing the complaint. In an order dated August 3, 2023, the Supreme Court, inter alia, granted the defendants' motion. The plaintiff appeals.
"A possessor of real property is under a duty to maintain reasonable security measures to protect those lawfully on the premises from reasonably foreseeable criminal acts of third parties" (King v Diplomat Hospitality Group, LLC, 218 AD3d 454, 454 [internal quotation marks omitted]; see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518-519). "To establish foreseeability, there is no requirement that the past experience of criminal activity be of the same type as that to which the plaintiff was subjected" (King v Diplomat Hospitality Group, LLC, 218 AD3d at 454 [internal quotation marks omitted]; see Jacqueline S. v City of New York, 81 NY2d 288, 294-295). However, "the criminal conduct at issue must be shown to be reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (Novikova v Greenbriar Owners Corp., 258 AD2d 149, 153; see C.M. v Spa 88, LLC, 222 AD3d 436, 436-437). "Without evidentiary proof of notice of prior criminal activity, the owner's [*2]duty reasonably to protect those using the premises from such activity never arises" (Golub v Louris, 153 AD3d 903, 904 [internal quotation marks omitted).
Here, the defendants established their prima facie entitlement to summary judgment as a matter of law by demonstrating that the subject occurrence was not foreseeable, "as [the defendants] had no notice of the same or similar criminal activity occurring at a location sufficiently proximate to the subject premises" (King v Diplomat Hospitality Group, LLC, 218 AD3d at 454-455; see Golub v Louris, 153 AD3d at 904). In opposition, the plaintiff failed to raise a triable issue of fact as to foreseeability (see C.M. v Spa 88, LLC, 222 AD3d at 436-437; Maria T. v New York Holding Co. Assoc., 52 AD3d 356, 358).
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court